```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

PRS, LLC, etc.,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 13 C 862
                                 )
QUALITY MEDICAL STAFFING         )
AGENCY, LLC, et al.,             )
                                 )
          Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

Counsel for the named plaintiff in this putative class action has followed the practice, consistent with Seventh Circuit caselaw (see, e.g., Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011) and cases cited there), of moving at the outset to certify the proposed class. In large part that practice of an up-front certification motion, even though it cannot be ruled upon until discovery in a number of areas has been completed, is intended to block the tactic--indulged in by many (too many) parties targeted as prospective class action defendants--of making an individual offer that can trigger dismissal of the individual named plaintiff and, in turn, dump the entire class action on mootness grounds as well.

Now the United States Supreme Court has weighed in on the issue in the context of a Fair Labor Standards Act collective (that is, opt-in) action in its April 16 decision in Genesis Healthcare Corp. v. Synczyk, 81 U.S.L.W. 4229 (U.S. 2013). In the most prevalent 5 to 4 lineup in the present Court (Chief

Justice Roberts and Justices Scalia, Kennedy, Thomas and Alito in the majority, with Justices Ginsburg, Breyer, Sotomayor and Kagan dissenting in a sharply-worded opinion by Justice Kagan), the Court reversed the Court of Appeals for the Third Circuit, holding (1) that the named plaintiff's individual claim was moot based on a Fed. R. Civ. P. ("Rule") 68 offer of judgment and (2) that the entire case was consequently mooted for lack of subject matter jurisdiction.

It is not entirely clear whether some things said in Justice Thomas' opinion for the Genesis majority sound any ominous overtones for the different situation presented here, which tracks the caselaw in our Court of Appeals (among others) that has upheld the earlier-described practice of filing motions for certification that, even though not ruled upon, have prevented the mooting of class actions by picking off the named plaintiff. But because the two situations share the prospect of such pickoff efforts, it seems constructive to explain this Court's view that the Seventh Circuit doctrine is still alive and well.

At the outset, of course, Genesis had no class certification motion to consider. There the defendant served its Rule 68 offer of judgment simultaneously with its answer to the Complaint, so that no other individual plaintiff or potential plaintiff class was in the case to block the mootness of the entire action. Second, the Genesis majority opinion took pains to distinguish

2

the long-standing Supreme Court doctrine that had rejected mootness arguments on the bases (1) that those earlier cases had arisen in the context of Rule 23 class actions and (2) that "th[o]se cases are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the FLSA...and because th[o]se cases are, by their own terms, inapplicable to these facts" (81 U.S.L.W. at 4231). It is, however, somewhat disquieting that the Genesis majority went on to add to those distinctions between its case and the earlier Supreme Court jurisprudence by pointing to "the fact that a putative class acquires an independent legal status once it is certified under Rule 23" (id. at 4232), while so-called "conditional certification"--the consequence of which is sending court-approved written notice to putative plaintiffs--would not alter the mootness analysis (id.).[1]

In sum, the litigants here are informed that this Court is not prepared to entertain any defense motion modeled after the successful motion in Genesis and offered to trigger a mootness ruling here. But counsel are also apprised that this Court is unwilling to contemplate the prospect of shattering its unbroken

---

[1] It bears noting that to this Court's knowledge no Seventh Circuit opinion has dealt with the effect of a filed-but-not-acted-upon motion for certification in an FLSA opt-in case, although some District Court opinions in this Circuit have extended the earlier-described Seventh-Circuit-approved practice to such opt-in cases. It remains to be seen what impact Genesis may have on those FLSA cases.

3

record of more than three decades of reporting no "stale" pending motions in its statutorily-required September 30 report where, as here, such purported staleness is occasioned by lawyer-caused delays rather than by this Court's failing to act on a live motion. Hence counsel for the parties are alerted to the need to devise some means to eliminate from "pending" status, substantially before September 30, 2013, the current motion for class certification.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 24, 2013